UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZANE MURDOCK,
Plaintiff,
v.
META PLATFORMS, INC.,
Defendant.

Case No. 26-cv-05230-RFL

**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 6, 18

Plaintiff Zane Murdock, who is representing himself, sued Defendant Meta Platforms for allegedly violating antitrust laws by restricting Murdock's Facebook business account. Meta has moved to dismiss Murdock's complaint in its entirety, arguing among other things that Murdock lacks antitrust standing and fails to state a claim. Murdock has opposed, and additionally moved to strike Meta's reply brief as procedurally improper. For the reasons described below, Murdock's Motion to Strike is **DENIED** and Meta's Motion to Dismiss is **GRANTED**. Murdock's Complaint is **DISMISSED** with leave to amend. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

***Motion to Strike.*** Murdock argues that Meta's reply brief excludes procedural information required under the Civil Local Rules, improperly uses the term "Sherman Act," and introduces new citations and arguments. Murdock also argues that Meta improperly served him both electronically and by mail when Murdock preferred to receive only electronic service. These are not valid reasons to strike the reply brief. First, Murdock's claims under 15 U.S.C. Sections 1 and 2 are brought under the Sherman Act. *See, e.g.*, *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 150 F.4th 1056, 1068 (9th Cir. 2025). Second, Meta did not raise new

arguments—it merely explained that it was not raising an argument that Murdock mentioned in his opposition. (*See* Dkt. No. 17 at 5–6 (all citations to ECF pagination).) And third, though nothing in the rules prohibited Meta from serving Murdock through the mail alongside its electronic service, Meta has agreed to use only electronic service going forward at Murdock's request. (*See* Dkt. No. 19 at 6.) Finally, to the extent the Reply contained procedural errors, Murdock has not shown that these errors caused him to suffer any prejudice. *See New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("[Motions to strike] should only be granted if the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." (citation and quotation marks omitted)). Murdock's motion to strike is therefore denied.

***Antitrust Standing.*** All of Murdock's claims are for antitrust violations. Murdock must therefore show antitrust standing in order to pursue his claims. Because he has not alleged antitrust injury, he has not sufficiently alleged antitrust standing.

Standing is threshold question. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 (1992). A plaintiff may only bring claims in federal court for which they have standing under Article III of the Constitution. "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 409 (2013) (citation modified). When a private plaintiff seeks to bring antitrust claims, the "private plaintiff must [additionally] show that it is a proper party to pursue the claim—a requirement known as antitrust standing." *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 448 (9th Cir. 2021). Courts assess five factors to determine if a private plaintiff has antitrust standing: (1) "the nature of the plaintiff's alleged injury . . .; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages." *Id.* at 455. Of these, "the first factor—antitrust injury—is mandatory." *Id.* at 456. This is because the "antitrust laws were not created to allow individuals to recover for injuries to businesses, or for businesses to recover for individual injury." *Dean v. Meta Platforms Inc.*, No. 25-CV-10597-NC, 2026 WL

406027, at *3 (N.D. Cal. Feb. 12, 2026). To show antitrust injury, a plaintiff must allege, among other things, "injury to the competitive process" itself. *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 902 (9th Cir. 2008). It is not enough to allege harm to an individual competitor. *See LiveUniverse, Inc. v. MySpace, Inc.*, 304 F. App'x 554, 556 (9th Cir. 2008).

Murdock alleges that Meta unlawfully restricted his Facebook business account, which in turn restrained his "access to trade or commerce." (Dkt. No. 1 at 3–4.) While this may have hurt Murdock's ability to compete in the market, Murdock does not allege that Meta harmed competition itself. Courts routinely find that the restriction of a single account is insufficient to show antitrust injury. *See, e.g.*, *Dean*, 2026 WL 406027, at *1, 3 (no antitrust injury where the defendant disabled a plaintiff's platform); *618Media Dijital Hizmetler Ltd. Sirketi v. Apple Inc.*, No. 5:24-CV-02952-EJD, 2025 WL 2614983, at *8 (N.D. Cal. Sept. 9, 2025) (no antitrust injury where the defendant terminated an app developer's account); *see also Pickering v. Amazon.com Inc.*, No. C24-0592, 2025 WL 1159099, at *3 (W.D. Wash. Apr. 21, 2025) ("More fundamentally, the conduct that Pickering complains about—a failure to process a refund for one consumer—cannot plausibly constitute harm to competition as a whole in the relevant market, which is the type of harm that antitrust laws are intended to prohibit."). Because Murdock has not alleged antitrust injury, his claims must be dismissed for lack of antitrust standing.

***Failure to State a Claim.*** Even if Murdock had sufficiently alleged antitrust injury, he has not sufficiently pleaded a claim under either Section 1 or Section 2 of the Sherman Act. Dismissal is also required on this basis.

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. A plaintiff must plead four elements to state a Section 1 claim: "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) which is intended to restrain or harm trade; (3) which actually injures competition; and (4) harm to the plaintiff from the anticompetitive conduct." *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1129 (9th Cir. 2015) (citation modified). Murdock alleges

generally that Meta "conspires to restrain" his access to trade, but he does not allege that Meta conspired with any other person or business entity. (Dkt. No. 1 at 4.) Nor does he allege that the challenged conduct stems from Meta's contract with another person or entity. Murdock must plead more than conclusory allegations to support the "contract, combination, or conspiracy" prong. Murdock has therefore failed to state a claim under Section 1.

Murdock has also failed to state a claim under Section 2 of the Sherman Act. Section 2 makes it illegal to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2. To state a Section 2 claim, a plaintiff must allege "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 990 (9th Cir. 2020). This means that a plaintiff must allege "both that a 'relevant market' exists and that the defendant has power within that market." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1044 (9th Cir. 2008). "A threshold step in any antitrust case is to accurately define the relevant market, which refers to the area of effective competition." *Qualcomm*, 969 F.3d at 992 (citation and quotation marks omitted).

Murdock has not identified a relevant market in his Complaint. Nor has Murdock sufficiently alleged that Meta willfully acquired or maintained monopoly power. Murdock has therefore failed to state a claim under Section 2.

Because Murdock's complaint must be dismissed for lack of standing and failure to state a claim, the Court does not reach Meta's additional arguments.

***Conclusion.*** Murdock's Motion to Strike is **DENIED** and Meta's Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED WITH LEAVE TO AMEND**. If Murdock wishes to file an amended complaint correcting the deficiencies identified in this Order, he must do so by November 13, 2026. Murdock is advised that the Court cannot refer to prior pleadings to make an amended complaint complete. Any amended complaint must be complete in itself, including all claims and parties, because it replaces the previously filed complaint. *See Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If no amended complaint is filed by that date, the claims will remain dismissed with prejudice, and the case will be closed.

**IT IS SO ORDERED.**

Dated: October 15, 2026

RITA F. LIN
United States District Judge